IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT WARD                                                  OPINION AND ORDER

       Plaintiff,                                              16-cv-508-bbc

  v.

DANE KIRK,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Robert Ward, a prisoner at Columbia Correctional Institution, has filed this pro se lawsuit against defendant Dane Kirk. Plaintiff alleges that defendant violated plaintiff's Eighth Amendment rights by failing to perform a "30 minute check" on plaintiff, thereby enabling plaintiff to cut himself. Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that plaintiff cannot proceed his claim at this time because he has failed to provide defendant fair notice of his claim as required by Fed. R. Civ. P. 8. However, I will give plaintiff an opportunity to file an amended complaint that states a viable claim and complies with the Federal Rules of Civil Procedure.

       Plaintiff has also filed a motion for assistance with the recruitment of counsel, which I am denying as premature. It is this court's practice to refrain from assisting a pro se prisoner with recruiting counsel until after his complaint has made it past the screening stage

1

and the court has confirmed that plaintiff's complaint is not subject to early dismissal based on any alleged failure to exhaust available administrative remedies.

OPINION

A. Plaintiff's Complaint Fails to Provide Fair Notice of his Claim

Plaintiff states that on April 18, 2016, at some time between 8:15 p.m. and 10:00 p.m., he intentionally cut his left arm and had to be treated by the prison's nurse. Plaintiff seeks to hold defendant responsible for this self-inflicted injury because defendant did not perform the "control placement checks" defendant was required to perform every 30 minutes. Thus it appears that plaintiff's theory is that had Ward performed these checks, he could have prevented plaintiff from harming himself.

Courts have held that a prison official can be held liable under the Eighth Amendment for self-inflicted harms committed by prisoners if the prison official "subjectively knew" of a specific risk of self-harm, but intentionally disregarded that risk. Collins v. Seaman, 462 F.3d 757, 761 (7th Cir. 2006). The prisoner must also show that the injury would not have occurred if the prison official had not disregarded the risk. Henderson v. Sheahan, 196 F.3d 839, 848 (7th Cir. 1999). Plaintiff's sparse allegations fail to state a claim of deliberate indifference under this standard. Plaintiff states in passing that he told defendant he was going to harm himself, but he does not identify *when* he made this statement and what action defendant should have taken in response. An isolated expression of a desire to hurt oneself long before one actually engages in self-harm would not support

2

an inference that a prison official "subjectively knew" of the risk that the specific self-harm incident at issue might occur.

Rather than dismiss plaintiff's claims with prejudice, I will provide him an opportunity to submit an amended complaint that contains additional detail regarding his claim. Specifically, plaintiff should identify the basis for his belief that defendant Kirk knew plaintiff intended to engage in self-harm on April 18, what action defendant should have taken based on that knowledge and how the failure to take such action enabled plaintiff to engage in self harm.

B. Plaintiff's Request for Assistance with Recruitment of Counsel is Premature

With respect to plaintiff's request for assistance with the recruitment of counsel, I am denying this request as premature. Generally I will not consider a prisoner's request for assistance with the recruitment of counsel until after the complaint has passed screening and I have confirmed that the prisoner's claims are not subject to dismissal based on any allegation that plaintiff failed to exhaust his administrative remedies. Because I believe plaintiff is capable of drafting his own complaint and litigating any exhaustion issues that might exist, I will not deviate from this general rule in this case. If plaintiff's case clears both of these hurdles, he can renew his request for assistance with the recruitment of counsel. However, he is advised that in any renewed motion, he must demonstrate that he has satisfied the requirements identified by the Court of Appeals for the Seventh Circuit in Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Under Pruitt, plaintiff must show that

(1) he is unable to afford a lawyer; (2) that he has made a reasonable effort to retain an attorney on his own; and (3) the case is too complex for him to litigate without a lawyer.

Before plaintiff renews his motion for recruiting counsel, he is advised that in order to demonstrate that he has made a reasonable effort to retain an attorney on his own, plaintiff must submit letters from three attorneys who have declined to represent him.  If plaintiff has not received letters from three attorneys that have declined to represent him, plaintiff should provide copies of the letters plaintiff sent to three attorneys, along with a declaration identifying the addresses to which he sent the letters, the dates the letters were sent and a statement that he sent the letters with proper postage.  Only after I am convinced that plaintiff is both unable to afford a lawyer and has made an effort to find a lawyer on his own will I consider whether he is incapable of litigating this case on his own.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Ward's complaint, dkt. #1, is DISMISSED without prejudice for failing to provide notice of his claims in accordance with Fed. R. Civ. P. 8.

2.  Plaintiff may have until October 17, 2016 to file an amended complaint that complies with the Federal Rules of Civil Procedure.  If plaintiff does not response by October 17, 2016, I will dismiss the complaint for failure to state a claim upon which relief may be granted and will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

3. Plaintiff's motion for assistance in recruiting counsel, dkt. #2, is DENIED.

Entered this 27th day of September, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge