IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT WARD                                                     OPINION and ORDER

       Plaintiff,                                             16-cv-508-bbc

  v.

DANE KIRK,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner and plaintiff Robert Ward is proceeding on a claim that defendant Dane Kirk violated his Eighth Amendment rights by ignoring his threats of self-harm and allowing him to cut and seriously wound himself. Now before the court are plaintiff's second and third motions for assistance in recruiting counsel, dkts. ##16 and 24, and a letter from plaintiff requesting a court order directing prison staff to allow another inmate's affidavit to be notarized, dkt. #22. For the reasons explained below, I am denying each of these requests.

OPINION

A. Motions for Assistance in Recruiting Counsel

Plaintiff has already previously filed one motion for assistance with recruitment of counsel in this case, which I denied as premature, though with the understanding that he could renew his request later on if he wished. Dkt. #12, at 3-4. As I explained to plaintiff

1

at that time, he has no right to counsel in civil cases in this court, or in federal civil litigation generally. Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014). If he wants this court to help him find a lawyer to volunteer to represent him, he must show three things: (1) that he cannot afford to hire his own lawyer; (2) that he has made reasonable efforts on his own to find a lawyer to represent him; and (3) that his case is so complex or difficult (legally or factually) that he is unable to handle it on his own. Id.; Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Although plaintiff still has not submitted letters from three attorneys who declined to represent him, as I earlier advised him that he must, dkt. #12, at 3-4, he has clearly made at least some reasonable efforts to contact attorneys to represent him. However, as I told plaintiff before, he is capable at the very least of litigating any issues relating to exhaustion of administrative remedies, and he can renew his request for counsel if he clears that hurdle. Id. Even though those issues have not yet been addressed (defendant has until April 21, 2017 to file any dispositive motions relating to exhaustion), instead of waiting as I instructed, plaintiff filed these two renewed motions. They will thus be denied without prejudice.

Plaintiff is free to try again after the issue of exhaustion of administrative remedies is resolved. If he chooses to file a new motion at that time, he should be prepared to explain why he believes he needs a lawyer to litigate what is a relatively straightforward case that is unlikely to require expert testimony, difficult legal issues or a large amount of discovery.

B.  Request for Notarization

Also before the court is a request from plaintiff in a letter addressed to Magistrate Judge Peter Oppeneer.  Plaintiff says that he received a letter from an inmate named Vern Stone at the Columbia Correctional Institution stating that CCI staff will not let him get his affidavit notarized, and plaintiff asks for a court order directing staff to allow him to do so.  However, plaintiff does not explain who Vern Stone is, why he is relevant to his case or why he needs his affidavit to be notarized.  If Stone is a witness who can give relevant testimony about plaintiff's case, then all he needs to do is to provide his testimony in a declaration in which he swears, based on personal knowledge, that its contents are true and correct. Dkt. #28 (Pretrial Conference Order), at 4-7, 18-19, 38-39; Fed. R. Civ. P. 56(c)(4).  There is no general requirement for such documents to be notarized.  Plaintiff has not explained why he wants or needs Stone's affidavit to be notarized, nor has he provided any information or authority why I should issue any order to CCI staff.  I will therefore deny this request.  In the future, plaintiff should address any requests to the court as motions for relief, not informal letters to individual judges.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Ward's renewed motions for assistance recruiting counsel, dkts. ##16 and 24, are DENIED.

2. Plaintiff's request for a court order directing staff at the Columbia Correctional Institution to allow inmate Vern Stone to get his affidavit notarized, dkt. #22, is DENIED.

Entered this 28th day of March, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge