IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| ROBERT WARD, | OPINION AND ORDER |
| Plaintiff, | 16-cv-508-bbc |
| v. | |
| DANE KIRK, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner and plaintiff Robert Ward is proceeding on a claim that defendant Dane Kirk violated plaintiff's Eighth Amendment rights by ignoring his threats of self-harm and allowing him to cut and seriously wound himself. Summary judgment motions in this case are due on October 27, 2017, and a trial is tentatively scheduled for May 7, 2018. Now before the court are plaintiff's motion to compel discovery, dkt. #30, and his fourth motion for assistance in recruiting counsel, dkt. #33. For the reasons explained below, I am denying both motions.

OPINION

A. <u>Motion to Compel Discovery</u>

Plaintiff seeks a court order under Federal Rule of Civil Procedure 37(a), compelling defendant to answer interrogatories and produce documents that plaintiff sought in a discovery request, which plaintiff alleges defendant failed to do. However, plaintiff's motion

1

is entirely without merit.

To begin with, plaintiff moved to compel before the discovery he was seeking was even due. Defendant responded in a timely manner and provided plaintiff the requested discovery before the response deadline. The record reflects that defendant complied with the relevant deadlines and plaintiff was given notice of the discovery timeline, but ignored or otherwise failed to appreciate it. Dkts. ##28-32. (Plaintiff has since registered no complaints about the sufficiency or completeness of defendant's responses.) Thus, plaintiff had no basis for his motion to compel, which he filed without warning to defendant, even though defendant informed him that he would receive a response before the 30-day response deadline.

Plaintiff's motion must be denied. In the future, he should take care to read the court's instructions more carefully and refrain from filing frivolous motions.

### B. Motion for Assistance in Recruiting Counsel

The court has denied three previous requests by plaintiff for assistance with recruitment of counsel in this case, both because the requests were premature and because plaintiff did not explain why he was unable to litigate this case on his own. Dkts. #12 at 3-4 and #29 at 1-2. As I told plaintiff, he has no right to court-appointed counsel in a civil case like this one. Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014). If plaintiff wants the court to help him find a lawyer to volunteer to represent him, he must show three things: (1) he cannot afford to hire his own lawyer; (2) he has made reasonable efforts on his own to

find a lawyer to represent him; and (3) his case is so complex or difficult (legally or factually) that he is unable to handle it on his own. Id.; Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has satisfied the court that he is indigent and cannot afford to hire counsel. He submitted two letters from law firms declining to represent him in his first motion for assistance with recruitment of counsel, which was filed more than a year ago. Dkt. #2. This court typically requires at least three such letters to demonstrate a plaintiff's reasonable efforts to recruit counsel. Plaintiff has submitted no additional letters in his three subsequent motions filed over the past few months. He says that he has contacted three more attorneys, but he has not filed any proof that he has done so.

I previously told plaintiff more than once that, at the very least, he is capable of litigating any issues relating to exhaustion of administrative remedies, but the deadline for filing a dispositive motion on that basis has now come and gone without defendant's filing anything, so plaintiff renewed his request. Anticipating that he might do so, I also told plaintiff that in any new request, "he should be prepared to explain why he believes he needs a lawyer to litigate what is a relatively straightforward case that is unlikely to require expert testimony, difficult legal issues or a large amount of discovery." Dkt. # 29 at 2. Plaintiff says in his motion that he has a hard time understanding new things, he has no knowledge of the law and he has limited access to the law library. However, he has alleged clearly that defendant left him in a covered cell with a sharp object, even though defendant knew that plaintiff was threatening to harm himself, and did not check on him for almost two hours,

3

by which time plaintiff had cut and severely injured himself. An Eighth Amendment claim and case such as this primarily requires plaintiff to testify clearly about those facts, and about what happened to him, which plaintiff appears fully capable of doing. Plaintiff's latest motion does not identify any new factors, anything more complex or difficult about his case or show why he is unable to tell a narrative story about what defendant did to him or failed to do to protect him. Accordingly, this motion will be denied as well.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Ward's motion to compel discovery, dkt. #30, is DENIED.

2. Plaintiff's renewed motion for assistance recruiting counsel, dkt. #33, is DENIED.

Entered this 30th day of August, 2017.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge