IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT J. WARD,

                    OPINION AND ORDER

            Plaintiff,

                                16-cv-508-bbc

     v.

DANE KIRK,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Robert Ward is proceeding on a claim that defendant Dane Kirk violated plaintiff's Eighth Amendment rights by ignoring his threats of self-harm and allowing him to cut and seriously wound himself. Plaintiff has filed a motion for summary judgment, dkt. #47, which defendant opposes on the ground that there are genuine disputes of material fact. Because the parties' proposed findings of facts and responses confirm that there are disputed issues of material fact that must be resolved by a jury, I am denying the motion. I am also denying plaintiff's motion to strike defendant's reply to defendant's proposed findings of fact, dkt. #73, as unnecessary, because defendant's reply made no difference to the outcome of plaintiff's motion for summary judgment.

OPINION

The Eighth Amendment imposes a duty on prison officials not only to provide "humane conditions of confinement," but to insure that "reasonable measures" are taken to

1

guarantee inmate safety and prevent harm. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). An inmate may prevail on a claim under the Eighth Amendment by showing that the defendant acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety. Id. at 836. Attempted suicide is a serious harm under the Eighth Amendment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010). "Deliberate indifference to a risk of suicide is present when an official is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.'" Pittman ex rel. Hamilton v. County of Madison, Illinois, 746 F.3d 766, 775-76 (7th Cir. 2014) (alteration in original) (quoting Collins v. Seeman, 462 F.3d 757, 761 (7th Cir. 2006)). See also Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies.").

In this case, plaintiff was permitted to proceed on his Eighth Amendment claim that defendant Kirk, a correctional officer, acted with deliberate indifference to plaintiff's threats of suicide and self-harm on April 18, 2016 at the Columbia Correctional Institution. Under plaintiff's version of events, plaintiff was placed on control status with "suicide resistant clothes" after he told defendant that he was going to cut his wrist and wanted to speak with someone from the psychological services unit. Plaintiff says that while on control status, he told defendant that he was going to cut himself, showed him a piece of sharp caulk and covered his cell window with toilet paper. Defendant told plaintiff to uncover his window,

2

but plaintiff refused. Defendant then told plaintiff, "you'll be okay in an hour," and left without notifying anyone of plaintiff's threats of self-harm or conducting wellness checks on plaintiff. Plaintiff alleges that between 8:30 p.m. and 10:00 p.m., he cut his wrist and "nearly bleed out."

If a jury were to believe plaintiff's version of events, it may reasonably conclude that defendant deliberately ignored plaintiff's requests for help, thus acting with deliberate indifference to a substantial risk of serious harm to plaintiff. However, defendant's description of what happened on April 18, 2016 differs materially from plaintiff's. In particular, defendant alleges that after plaintiff was placed in control status, another officer performed wellness checks on plaintiff every 30 minutes until approximately 9:00 p.m. Between 9:00 p.m. and 9:45 p.m., defendant and other officers on the unit had to respond to another inmate who had overdosed on medication. When defendant passed by plaintiff's cell at 9:50, plaintiff asked for toilet paper, but did not say that he was going to harm himself. Defendant provided toilet paper to plaintiff, who then used the toilet paper to cover his window. Defendant alleges that he told plaintiff to uncover the window, but plaintiff did not comply. Defendant then reported to his captain and another officer that plaintiff had covered his window. Defendant's shift ended at 10:00 p.m., so he left. Shortly after 10:00 p.m., the captain reported to plaintiff's cell and ordered him to uncover his window. Plaintiff refused to comply with the captain's directives, so the captain assembled a cell extraction team. After deploying a "fogger," the team was able to remove plaintiff from his cell. Plaintiff was later seen by a nurse in the dayroom before being returned to his cell.

Defendant's factual disputes are material. Under defendant's version of events, defendant did not know plaintiff intended to harm himself after he was placed on control status and that, even if defendant should have known based on plaintiff's act of covering his cell window, defendant acted responsibly by notifying his supervisor immediately of plaintiff's actions. If a jury were to believe defendant's version of events, it may conclude reasonably that defendant should not be liable under the Eighth Amendment because he did not deliberately disregard a known substantial threat of harm to plaintiff. Because the parties' factual disputes cannot be resolved at summary judgment, I must deny plaintiff's motion for summary judgment. United States v. Luce, 873 F.3d 999, 1005 (7th Cir. 2017) (summary judgment appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law") (citations omitted); Fed. R. Civ. P. 56(a).

ORDER

IT IS ORDERED that plaintiff Robert Jay Ward's motion for summary judgment, dkt. #47, and motion to strike, dkt. #73, are DENIED.

Entered this 29th day of January, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge