IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT WARD,

  Plaintiffs,

 v.

DANE KIRK,

  Defendant.

ORDER

Case No. 16-cv-508-wmc

Pro se plaintiff Robert Ward is proceeding on a claim that defendant Dane Kirk violated plaintiff's Eighth Amendment rights by ignoring his threats of self-harm and allowing him to cut and seriously wound himself. A jury trial is scheduled for May 7, 2018. The court held a hearing today at which several pre-trial motions filed by Ward were addressed. For the reasons explained more fully at the hearing, plaintiff's motions are resolved as follows:

1. Plaintiff's motion for assistance in recruiting counsel to represent him at trial (dkt. #75) is DENIED. The court confirmed with the parties that there are few factual disputes remaining in this case that need to be resolved at trial. As he had in his written submissions, plaintiff again demonstrated at the hearing that he has a good understanding of the relevant facts, applicable legal standards and his trial obligations. The court is persuaded that plaintiff is more than capable of representing himself for the remainder of the case.

2. Plaintiff's motion for assistance in recruiting counsel to represent him for mediation (dkt. #85) is TAKEN UNDER ADVISEMENT. The court will request that

Magistrate Judge Oppeneer contact the parties about a potential mediation of this case, including appointment of counsel for that limited purpose.

3. Plaintiff's motion to exclude from evidence incident report #00211045 (dkt. #88) is DENIED. If plaintiff believes there are inconsistencies between the incident report and other evidence, he may point those out to the jury at trial, but apparent inconsistencies are not a basis for excluding the report as evidence.

4. Plaintiff's motion to exclude from evidence several other documents and statements (dkt. #87) is GRANTED IN PART and DENIED IN PART. The court will deny parts 1-4 of the motion because plaintiff's arguments regarding this evidence may be valid points for impeachment purposes but are not a basis for excluding the evidence. The court will GRANT the motion with respect to defendant's affidavit being used or offered into evidence by defendant.

5. Plaintiff's declaration to authenticate documents (dkt. #89) is TAKEN UNDER ADVISEMENT. Defendant may have until March 19, 2018, to inform the court and plaintiff in writing whether he disputes the authenticity of the documents attached to plaintiff's declaration or otherwise objects to their admission at trial, and if so, the specific grounds for doing so. If defendant disputes the authenticity or otherwise objects, plaintiff may have until March 26, 2018 to file a response.

6. Plaintiff's motion for a writ of habeas corpus ad testificandum for the appearance of inmate Vern Patrick Stone, Jr., incarcerated at the Columbia Correctional Institution (dkt. #81), is GRANTED. Plaintiff has submitted an affidavit stating that Stone has agreed to testify voluntarily and will provide testimony relevant to his claim. The clerk of

court is directed to issue writs of habeas corpus ad testificandum for the attendance of witness Stone at the trial beginning on May 7, 2018. The witnesses should arrive at the courthouse no later than 10:00 a.m.

IT IS SO ORDERED.

Entered this 8th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge