IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT WARD,

    Plaintiffs,

v.

DANE KIRK,

    Defendant.

ORDER

Case No. 16-cv-508-wmc

---

Pro se plaintiff Robert Ward is proceeding to a jury trial on a claim that defendant Dane Kirk violated his Eighth Amendment rights by ignoring threats of self-harm and allowing him to cut and seriously wound himself. This order addresses several motions filed by Ward in advance of the trial scheduled for May 7, 2018.

Before turning to those motions, however, the parties should be aware that several trials are scheduled in this court for May 7, 2018, including trials in a criminal case and a patent infringement case. Thus, this trial will not be able to proceed on May 7, unless both parties consent to Magistrate Judge Stephen Crocker's presiding over the trial and all further proceedings in this case. If both parties consent to have Judge Crocker conduct the jury trial, the case will proceed as scheduled. If, however, the parties decline Judge Crocker's jurisdiction, the trial in this case will be rescheduled to July 2, 2018. The parties should notify the clerk of court by April 13, 2018, whether they will consent to Judge Crocker's jurisdiction.

OPINION

I. **Motion to Authenticate Documents (Dkt. #89)**

First, plaintiff filed a "motion to authenticate documents," in which he requests that defendant admit to the authenticity of several officer logs. (Dkt. #89). At a hearing held held on March 8, 2018, the court directed defendant to inform the court in writing whether he will dispute the authenticity of the officer logs or otherwise object to their admission at trial. Defendant has now responded, agreeing that the logs are authentic and stating that he will stipulate to the admissibility of the logs, so long as plaintiff provides a clean copy to be shown to the jury and introduces the logs through a witness with appropriate knowledge of the logs. Plaintiff filed a reply, stating that he will provide a clean copy, but arguing that he should be able to show the logs to the jury without introducing them through a witness.

The court agrees with defendant that the logs may be admitted at trial only if they are introduced through a witness, such as a correctional officer or supervisor, who can explain how such logs are created and what the entries generally represent. Although defendant concedes that the logs are authentic, the logs are not self-explanatory, in that a juror viewing the log would not be able to determine, without guessing, who created or reviewed the logs, when they were created, what types of activities are routinely included on such logs, and what the various descriptions and abbreviations mean. Thus, plaintiff may introduce these logs as evidence at trial by asking defendant or by subpoenaing another correctional officer to testify about the logs.

## II.  Motion Inquiring about Exhibit List and Street Clothes (Dkt. #97)

Next, plaintiff filed a motion asking for clarification regarding whether he needs to provide hard copies of his exhibit list and exhibits to the court and defendant.  That is not necessary.  Because plaintiff mailed his exhibit list and exhibits to the court, they have been electronically filed and are available for the court and defendant.  That will be sufficient unless plaintiff were to make changes to his exhibit list to include documents he has not yet filed in this case.

With respect to plaintiff's request to wear street clothes, plaintiff may do so, but it is plaintiff's responsibility to arrange for street clothes.  Although the court occasionally has street clothes left behind from previous litigants, the court cannot guarantee that such clothes would be clean or available for plaintiff's use, nor that they would fit plaintiff.  Thus, if plaintiff wishes to wear street clothes during trial, he should arrange for clothes to be available for him by asking a family member or friend to either mail or deliver clothing to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison, WI 53703, so that the clerk's office is in receipt not later than 8:00 a.m., on the morning of trial.

## III.  Motion For Emergency Legal Loan (Dkt. #102)

Plaintiff also filed a motion requesting an "emergency injunction" to permit him use of his legal loan or release account, so that he may make copies of certain documents.  In a subsequent filing, however, plaintiff states that defendant and the court have provided him the copies he needs (dkt. #111), so his motion for emergency relief will be denied as moot.

**IV. Motion to Sanction Defendant for Perjury (Dkt. #113)**

Finally, plaintiff filed a more recent motion to sanction defendant for perjury, arguing that certain statements in defendant's declaration contradict other evidence in the record. Although plaintiff points out potential contradictions in the evidence, he has not shown any clear evidence of perjury or other basis for sanctioning defendant. Of course, plaintiff may raise these concerns, if relevant, when questioning defendant and other witnesses at trial.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Jay Ward's motion to authenticate documents (dkt. #89), is GRANTED IN PART AND DENIED IN PART. Plaintiff may introduce clean copies of the officer logs through a witness who can explain how the logs are created and what the entries generally represent.

2. Plaintiff's motion for clarification regarding exhibits and street clothes (dkt. #97), is GRANTED IN PART AND DENIED IN PART as set forth above.

3. Plaintiff's emergency motion for access to his legal loan (dkt. #102) is DENIED as moot.

4. Plaintiff's motion to sanction defendant for perjury (dkt. #113) is DENIED.

5. The parties may have until April 13, 2018, to send a letter to the clerk of court indicating whether they will consent to the jurisdiction of Magistrate Judge Stephen Crocker for all further proceedings in this case.

Entered this 2nd day of April, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge